BENJAMIN BRADFORD *et al.* v. ELEANOR CURLEE, Executrix.

1. PRACTICE AND PLEADING : ACTION : JOINDER OF LIVING OBLIGOR WITH REPRESENTATIVES OF DECEASED : STATUTE OF JEOFAILS.—Surviving obligors cannot be joined in the same action with the representatives of those who are deceased; but if issue is joined and a verdict found, the misjoinder of the defendants is cured by the statute of jeofails. Rev. Code, 508, art. 181.

2. JUDGMENT IN ACTION ON PENAL BOND: EFFECT OF ERROR IN MATTER OF FORM.—In an action on a penal bond, the judgment should be for the debt mentioned in the bond to be released on the payment of the damages assessed by the jury; but a judgment for so much as damages is an error in matter of form, and does affect the validity of the judgment. 4 How. (Miss.) 40.

ERROR to the Circuit Court of Lowndes county. Hon. W. H. Foote, judge.

Suit was instituted by defendant in error against Benjamin Bradford, John D. Bradford, and the executors of W. H. Duke, on a title bond executed by Benjamin Bradford, John D. Bradford, and W. H. Duke. Process was duly served and pleas filed by all the defendants. Pending the suit, John D. Brad-

ford died, and the suit was revived against Joseph Billups, his administrator.

*Richard Evans*, for plaintiffs in error, contended:

1. That a joint action cannot be brought against the Bradfords and the executors of Duke. 1 Chitty's Pl. 50, 51, and cases cited in note (z) and note (1).

With regard to actions on bills and notes, the law is modified by Rev. Code, 357, art. 12, but as to bonds the law is unchanged.

There is a statutory provision relating to death of joint plaintiffs or defendants, which does not apply to this case. Rev. Code, 486, 487, art. 51.

2. That the judgment is not predicated on the bond sued on. It is a departure from the declaration and the cause of action. The action is debt, the judgment is for damages.

*Harrison & Crusoe*, for defendant in error, contended:

1. That the jury, by their verdict, have assessed the amount due by reason of the breach of the bond sued on. The judgment rendered is in accordance with the pleadings and issue joined; if there was error or mistake in fact in this respect, it affords no ground of reversal. Rev. Code, 485, art. 44, and 563, art. 11; 7 How. Miss. 240, 339; 4 ib. 41; 2 ib. 73.

2. The nonjoinder or misjoinder of a defendant cannot be objected to at time of trial without notice, and then the court may allow a party to be added or stricken out. Rev. Code, 485, art. 44.

This defect of a misjoinder is cured by the statute of jeofails. Rev. Code, 508, art. 181.

3. Even in the event of a reversal, this court would enter up the proper judgment. Rev. Code, 563, art. 11; 6 S. & M. 507; 24 Miss. R. 464.

4. Where the action is debt and the judgment is in damages, no ground for reversal of judgment. 2 How. Miss. 735; 4 ib. 40.

HANDY, C. J., delivered the opinion of the court.

This action was instituted against Benjamin Bradford and John D. Bradford and against the executors of William H. Duke, on a bond executed by the Bradfords and Duke to make title to certain lands, to the plaintiff. The declaration averred that, although the plaintiff had paid the purchase-money, the defendants had not made the title; and further, that the plaintiff had by due process of law been evicted of the possession of the land. An answer was filed containing a general denial.

Pending the suit, the death of John D. Bradford was suggested, and his administrator was brought in by *sci. fa.* and made a party to the suit. Afterwards a judgment was rendered on a verdict for the plaintiff for $4,194.80 damages, assessed to the plaintiff by the jury, to be levied *de bonis propriis* as to Benjamin Bradford, and *de bonis intestati* as to the administrators.

Two grounds of error are relied on by the plaintiffs in error. 1. The misjoinder of the living obligors with the representatives of those who were deceased. 2. That the judgment was in damages, and not for the debt mentioned in the bond sued on.

The first error is cured by the statute of *jeofails.* Rev. Code, 508, art. 181, and ib. 485, art. 44. Issue was joined by the parties, and a verdict was found without any objection, on the ground of the misjoinder of the defendants. Under such circumstances, it is too late to raise the objection after verdict, and it cannot be assigned for error here.

The other assignment is upon mere matter of form. It is true it would have been more technical to render the judgment for the debt mentioned in the bond, to be released on payment of the damages assessed by the jury. In such case, the effective thing would be the judgment for the damages the plaintiff had sustained. When that amount is paid, the judgment in either case would be satisfied, and it would be an effectual bar to any other action, on the same cause of action, against the defendants; so that the rights of both parties are as fully protected by the judgment in this form as if it had been entered in the technical form. We think the error assigned is no

ground of reversal of the judgment, and we adhere to the rule stated in *Downs et al.* v. *Ladd,* 4 How. 40.

Let the judgment be affirmed.